**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PAIGE FINKELSTEIN, M.D.,    )
             )
   Plaintiff,      ) Case No. 1:23-CV-20188-RKA
             )
v.             )
             )
MOUNT SINAI MEDICAL CENTER OF )
FLORIDA, INC., a Florida Not For Profit )
Corporation, and KFIR BEN-DAVID, M.D., )
             )
   Defendants.     

## **DEFENDANTS' MOTION TO AMEND ORDER ON MOTION TO STRIKE**

On the morning of February 7, 2023, the Court struck from the record or sealed three of Plaintiff Paige Finkelstein, M.D.'s filings, each of which contained irrelevant and scurrilous materials regarding Defendant Kfir Ben-David's personal life. ECF No. 28. The Court also ordered from the bench that Plaintiff was not to file such materials in the future. Yet only hours after the hearing, Plaintiff went ahead and submitted the most inflammatory of the sealed District Court filings to the Accreditation Council for Graduate Medical Education ("ACGME"), which is reviewing a separate complaint from Plaintiff concerning Dr. Ben-David and Defendant Mount Sinai Medical Center of Florida, Inc. ("MSMC" or the "Hospital"). Plaintiff also submitted the same District Court filing to a Special Review Committee at the Hospital that was convened months ago to review Plaintiff's ACGME allegations. Plaintiff did all of this without so much as advising these recipients that this Court had ordered that filing sealed and removed from the public docket.

In light of this, Defendants MSMC and Dr. Ben-David (together "Defendants") now move the Court to amend its February 7, 2023 Order to specifically direct that Plaintiff may not file with

any *other* adjudicative body, or otherwise disseminate to any third party, the filings that this Court removed from the public docket. In support of this motion, Defendants state as follows:

1. On February 1, 2023, Defendants moved under Rule 12(f) to strike certain allegations in the Amended Complaint. ECF No. 17 at 18-20. On February 6, 2023, Defendants filed a motion to strike Plaintiff's Reply in support of her Motion for Temporary Injunction (ECF No. 15) and supporting Declaration (ECF No. 16), along with a motion for expedited consideration. *See* ECF No. 19 (Motion to Strike and Motion to Expedite). Defendants amended that motion early on February 7. *See* ECF No. 20 (Amended Motion). Defendants asserted that Plaintiff's submissions included materials concerning Dr. Ben-David's private life that were irrelevant to Plaintiff's claims, and were submitted by Plaintiff for the sole purpose of embarrassing and harassing Dr. Ben-David.

2. The Court convened a hearing on Defendants' motions at 11:30 AM on February 7. The Court concluded that Plaintiff's scurrilous allegations against Dr. Ben-David were irrelevant, and therefore struck Plaintiff's Amended Complaint (ECF No. 1-2). The Court also ordered that Plaintiff's Reply and Declaration, which contained additional irrelevant assertions about Dr. Ben-David's personal life, be sealed so that they would not appear on the public docket. *See* ECF No. 28 (Paperless Order).

3. At the hearing, counsel for Dr. Ben-David requested that the Court order Plaintiff not to make any *other* public filings in this case containing irrelevant and salacious assertions concerning Dr. Ben-David's personal life. The Court noted from the bench it already had made clear that its order foreclosed future filings of this sort.

4. Plaintiff did not get the message. Within hours of the hearing's conclusion, Plaintiff went ahead and emailed copies of her Declaration and its exhibits—the very documents the Court

had just ordered sealed—to members of a Special Review Committee at MSMC. That Committee had been convened to evaluate the substance of Plaintiff's complaint about Defendants to the Accreditation Council for Graduate Medical Education ("ACGME").[1] Plaintiff also advised that she was sending the same materials to the ACGME and perhaps other third parties.[2] It is inconceivable that Plaintiff took these actions without her counsel's blessing. Indeed, Plaintiff had previously advised the Special Review Committee in November, 2022 that she declined to participate in the Committee's review on the advice of her counsel (the same counsel who represents her in the present matter).

5.      Plaintiff's latest dissemination of her irrelevant allegations about Dr. Ben-David's personal life violates this Court's February 7 Order. It cannot be that the Court ordered Plaintiff's Declaration and exhibits sealed—and thus removed from the public docket—only to leave Plaintiff free to circulate those *same* District Court filings as she sees fit, as though they had never been the subject of this Court's sealing order. Plaintiff's effort to circumvent this Court's Order in this cynical fashion should not be permitted.

6.      What is more, Plaintiff has once again disseminated these materials solely to disparage and embarrass Dr. Ben-David in an effort to coerce an unwarranted settlement. Having declined to supply the Committee with any potentially *relevant* evidence, Plaintiff cannot now claim any legitimate reason to disseminate to the Committee (or ACGME) *irrelevant* personal information about Dr. Ben-David.

7.      Defendants therefore move that the Court amend its February 7 Order to

---

[1] The ACGME is the body responsible for accrediting graduate medical education programs, such as the surgical residency program at MSMC.

[2] A copy of Plaintiff's February 7, 2023 email to the Special Review Committee is attached as Exhibit 1.

specifically direct Plaintiff not to file or otherwise publicly disseminate to any other adjudicative body, or to any other third person, the materials that this Court specifically ordered stricken or sealed. In light of Plaintiff's flouting the Court's order, the Court may wish to consider a sterner admonition, such as an order to show cause. *See* Fed. R. Civ. P. 11(c)(3).

8.      Separately, Defendants request that the Court amend its Order to seal so that it extends not only to Plaintiff's Reply and Plaintiff's Declaration, but also to Defendants' Motion to Dismiss (ECF No. 17) and Defendants' Motions to Strike (ECF Nos. 19 and 20). By necessity, those filings quote and refer to the statements by Plaintiff that have been either stricken from the record or sealed. Defendants neglected to include this request at the February 7 hearing, but for the same reasons the Amended Complaint, Reply, and Declaration were removed from the public record, Defendants' related filings should likewise be placed under seal. *See* Fed. R. Civ. P. 60(a) (court may correct an "oversight or omission" in an order). Additionally, consistent with this Court's ruling, Defendants note that another version of the Amended Complaint is contained at ECF No. 24-22 and ask the Court to amend its order to also strike that version of the Amended Complaint and remove it from the public record.

10.  Pursuant to Local Rule 7.1(a)(3), undersigned counsel Martin Goldberg certifies that, on February 9, 2023, his office conferred with Plaintiff's counsel regarding this motion and the relief sought herein. Plaintiff objects to the relief and intends to oppose the motion.

WHEREFORE, Defendants respectfully request that this Court grant Defendants' motion and amend the Court's February 7 Order (ECF No. 28) to (1) order that Plaintiff may not file before any adjudicative body, or otherwise publicly disseminate, the extraneous and scurrilous filings that this Court has already ordered stricken or sealed; and (2) seal Defendants' Motion to Dismiss (ECF

Case No. 1:23-CV-20188-RKA

No. 17) and Defendants' Motions to Strike (ECF Nos. 19 and 20), and strike and remove from the

public record another version of the Amended Complaint (ECF No. 24-22).

Dated:  February 9, 2023

Respectfully submitted,

**LASH GOLDBERG LLP**
Miami Tower, Suite 1200
100 S.E. Second Street
Miami, Florida 33131
Tel: (305) 347-4040
Fax: (305) 347-4050
*Counsel for Defendants*

By: */s/ Martin B. Goldberg*
    **MARTIN B. GOLDBERG**
    Florida Bar No. 0827029
    Primary Email: mgoldberg@lashgoldberg.com
    Secondary Email: rdiaz@lashgoldberg.com
    **DAVID R. RUFFNER**
    Florida Bar No. 044874
    Email: druffner@lashgoldberg.com
    **CLARK S. SPLICHAL**
    Florida Bar No. 1010425
    Primary Email: csplichal@lashgoldberg.com
    Secondary Email: mwallace@lashgoldberg.com

**KRAMER LEVIN NAFTALIS**
**& FRANKEL LLP**
2000 K Street N.W., 4th Floor
Washington, DC 20006
Tel: (202) 775-4500
Fax: (202)775-4510
Counsel for Defendant Kfir Ben-David, M.D.

By: */s/ Gary A. Orseck*
    **GARY A. ORSECK**
    Florida Bar No. 846015[3]
    Primary Email: gorseck@kramerlevin.com

---

[3] Mr. Orseck is making application for admission to the S.D. Fla. Bar.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was served

via transmission of Notices of Electronic Filing generated by CM/ECF on February 9, 2023, or in

the manner specified on all counsel or parties of record on the Service List below.

Richard H. Levenstein, Esq.
**NASON, YEAGER, GERSON,**
**HARRIS & FUMERO, P.A.**
3001 PGA Boulevard, Suite 305
Palm Beach Gardens, FL 33410
Tel: (561) 686-3307
Fax: (561) 686-5442
relevenstein@nasonyeager.com
ptreadway@nasonyeager.com
creyes@nasonyeager.com
jresnick@nasonyeager.com

*Attorneys for Plaintiff*

By: */s/ Clark S. Splichal*
　　**CLARK S. SPLICHAL**