# EXHIBIT A

**Delgado v. Miller, 314 So.3d 515 (2020)**
45 Fla. L. Weekly D2679

314 So.3d 515
District Court of Appeal of **Florida**, Third District.

Arlene **DELGADO**, Petitioner,
v.
Jason **MILLER**, Respondent.

No. 3D20-580
|
Opinion filed December 2, **2020**
|
Rehearing Denied January 15, 2021

**Synopsis**
**Background:** Mother brought motion to compel father's production of documents in advance of final hearing in child support matter. The Circuit Court, 11th Judicial Circuit, Miami-Dade County, Ivonne Cuesta, J., granted mother's petition, adopting recommended order of magistrate that included restrictions on both parties' communication with third parties. Mother petitioned for writ of certiorari, challenging restrictions as a prior restraint on her free speech.

**Holdings:** The District Court of Appeal, Emas, C.J., held that:

[1] order was an unconstitutionally broad prior restraint on free speech, and

[2] order departed from essential requirements of law such that certiorari relief was warranted.

Petition granted; order quashed and remanded with instructions.

**Procedural Posture(s):** Petition for Writ of Certiorari.

West Headnotes (4)

[1]   **Constitutional Law** ⟜ Freedom of speech, expression, and press
      **Constitutional Law** ⟜ Presumption of invalidity

      Any form of prior restraint of expression comes to a reviewing court bearing a heavy presumption against its constitutional validity; therefore, the party who seeks to have such a restraint upheld carries a heavy burden of showing justification for the imposition of such a restraint. U.S. Const. Amend. 1.

[2]   **Constitutional Law** ⟜ Publicity Regarding Proceedings
      **Trial** ⟜ Publicity of proceedings

      When a trial court imposes prior restrictions on a party's free speech rights, it must make findings that support the need for these limitations, and the order must be narrowly tailored to preclude only extra-judicial statements that are substantially likely to materially prejudice the trial. U.S. Const. Amend. 1.

[3]   **Child Custody** ⟜ Hearing
      **Child Support** ⟜ Hearing
      **Constitutional Law** ⟜ Proceedings involving children and minors

      Trial court's order prohibiting either party in timesharing and child support matter from engaging in any social media of any nature that commented, directly or indirectly, on the other party's emotional or mental health or personal behavior, commonly referred to as gag order, was an unconstitutionally broad prior restraint on free speech; neither trial court nor magistrate made findings in support of such restrictions or limited the scope of restrictions to extrajudicial statements substantially likely to materially prejudice trial. U.S. Const. Amend. 1.

1 Case that cites this headnote

**[4]**  Child Custody ⚖ Appeal or Judicial Review
Child Support ⚖ Appeal or Judicial Review

Trial court's order departed from essential requirements of law by including unconstitutional prior restraint on parties' free speech, resulting in material injury throughout proceedings, without adequate remedy on appeal, such that certiorari relief was warranted in timesharing and child support matter; restrictions of order, commonly referred to as gag order, were vague and undefined, restrictions were imposed sua sponte by the magistrate in recommended order, and parties had no notice that such restrictions would be considered in addressing motion to compel production of documents. U.S. Const. Amend. 1.

***516** A Writ of Certiorari to the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge. Lower Tribunal No. 17-16674

**Attorneys and Law Firms**

Egoavil Klug Salas & Veloso PLLC, and Laline Concepcion-Veloso, Miami Lakes, for petitioner.

Sandy T. Fox, P.A., and Sandy T. Fox, Aventura, for respondent.

Before EMAS, C.J., and FERNANDEZ and HENDON, JJ.

EMAS, C.J.

**INTRODUCTION**
Petitioner Arlene Delgado (the Mother) and Respondent Jason Miller (the Father) are the parents of W.L.D., born in July of ***517** 2017. What began as a paternity action and progressed to remaining issues of timesharing and child support, has devolved into escalating rounds of pugilistic litigation. Given the antagonism displayed over the course of the proceedings below, we can only be sympathetic to the sincere efforts of the trial court and general magistrate to reduce the level of discord. There are, however, limits to the exercise of the trial court's broad discretion.

**BACKGROUND**
The Mother has filed a petition for writ of certiorari, challenging a portion of the trial court's February 27, 2020 order which adopted *in toto* a recommended order of the general magistrate. Specifically, the Mother contends that paragraphs 13-15 of the general magistrate's recommended order constitute a prior restraint, violating her free speech rights without adequate findings and accompanying safeguards. We agree.

The order at issue arose in the context of the Mother's motion to compel production of certain documentation from the Father in advance of a scheduled final hearing. Although the recommended order (and the trial court's order adopting same) essentially granted the Mother the relief she requested, the general magistrate included three paragraphs at the end of the recommended order which are the subject of this petition:

> 13. Neither party shall disclose or reveal to any 3rd party, directly or indirectly, through any social media or otherwise, the details of any financial information, including but not limited to income or employment information, of any nature, of the other party.

> 14. Neither party shall contact, directly or indirectly, the other party's existing clients and/or employers and/or contractors or potential clients and/or employers and/or contractors, other than through the legitimate discovery process provided by the Rules of Civil and Family Procedure.

15. Neither party shall engage in any social media of any nature which comments, directly or indirectly, on the other party's emotional or mental health or personal behavior.

**DISCUSSION AND ANALYSIS**

Paragraph fifteen, in particular, commonly referred to as a gag order, represents a classic example of a prior restraint on speech: one that prohibits free speech before it is spoken. Vrasic v. Leibel, 106 So. 3d 485, 487 (Fla. 4th DCA 2013) (holding: " 'Prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.' " (quoting Neb. Press Ass'n v. Stuart, 427 U.S. 539, 559, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976))); Fox v. Hamptons at Metrowest Condo. Ass'n, Inc., 223 So. 3d 453, 456 (Fla. 5th DCA 2017) (noting: "Temporary restraining orders and permanent injunctions—i.e., court orders that actually forbid speech activities—are classic examples of prior restraints" (quoting Alexander v. United States, 509 U.S. 544, 550, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993))). See also Krapacs v. Bacchus, 301 So. 3d 976 (Fla. 4th DCA 2020) (holding that court orders that forbid speech activities on social media are "classic examples of prior restraints").

[1]Importantly, and as the **Florida** Supreme Court has admonished: "Any form of prior restraint of expression comes to a reviewing court bearing a heavy presumption against its constitutional validity; therefore, the party who seeks to have such a restraint upheld carries a heavy burden of showing justification for the imposition of such a restraint." State v. McIntosh, 340 So. 2d 904, 908 (Fla. 1976). *518 See also Gagliardo v. Branam Children, 32 So. 3d 673, 674 (Fla. 3d DCA 2010) (holding that prior restraints on speech and publication are presumed unconstitutional).

[2]Where a trial court imposes such restrictions on a party's free speech rights, it must make findings that support the need for these limitations, and the order must be "narrowly tailored to preclude only extra-judicial statements which are substantially likely to materially prejudice the trial." Rodriguez v. Feinstein, 734 So. 2d 1162, 1164 (Fla. 3d DCA 1999) (holding: "In **Florida**, the limitations imposed by the court on communications between the media and lawyers and/or litigants must be for good cause to assure fair trials"). See also Dippolito v. State, 225 So. 3d 233, 242 (Fla. 4th DCA 2017) (holding that a "gag order must be narrowly tailored to achieve the objective sought, namely, a fair trial"); E.I. Du Pont de Nemours & Co. v. Aquamar, S.A., 33 So. 3d 839, 841 (Fla. 4th DCA 2010) (holding that "a gag order should be supported by evidence and findings that any extrajudicial statements made by counsel or the parties pose a substantial or imminent threat to a fair trial").

[3]Neither the trial court nor the general magistrate made findings of necessity, nor did they engage in any tailoring to narrow or limit the scope to those extrajudicial statements substantially likely to materially prejudice the trial. Indeed, paragraph fifteen of the order, which purports to prohibit either party from "engag[ing] in any social media of any nature which comments, directly or indirectly, on the other party's emotional or mental health or personal behavior," is so overbroad as to render its boundaries indiscernible.

[4]Paragraphs thirteen and fourteen, though less sweeping in degree than paragraph fifteen, and arguably less onerous in their resulting burden on free-speech rights, nevertheless suffer infirmities similar in kind to paragraph fifteen. These paragraphs also contain terms that are vague and undefined, creating confusion in their meaning and the potential for inconsistent or arbitrary enforcement. Further, the restrictions contained in all three paragraphs were imposed sua sponte by the general magistrate in its recommended order, and adopted thereafter by the trial court without a hearing. Neither party moved for the imposition of such restrictions, and while the general magistrate informally raised the topic and inquired whether the parties might consent to such restrictions, no such consent was given, nor were the parties placed on notice before the hearing that the imposition of such restrictions would be considered in addressing the merits of the Mother's motion to compel production of documents.

**CONCLUSION**

Under the circumstances presented, the inclusion of paragraphs thirteen, fourteen and fifteen in the trial court's order constitutes a departure from the

**Delgado v. Miller, 314 So.3d 515 (2020)**
45 Fla. L. Weekly D2679

essential requirements of law, causing material injury which will continue throughout the remainder of the proceedings, for which there is no adequate remedy on appeal. See Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344 (Fla. 2012); Rodriguez, 734 So. 2d at 1163 (noting: "We have jurisdiction to review this matter as the order implicates a violation of the parties' constitutional rights which cannot be remedied on plenary review.")

We therefore grant the petition, issue the writ of certiorari, quash the trial court's February 27, 2020 order, and remand with instructions for the trial court to enter an order adopting all paragraphs of the general magistrate's recommended *519 order except paragraphs thirteen, fourteen and fifteen.

Petition granted. Order quashed and remanded with instructions.

**All Citations**

314 So.3d 515, 45 Fla. L. Weekly D2679

---

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

**Belmondo v. Amisial, 337 So.3d 856 (2022)**
47 Fla. L. Weekly D417

337 So.3d 856
District Court of Appeal of Florida, Third District.

Seissa BELMONDO, Appellant,
v.
Edy AMISIAL, Appellee.

No. 3D21-2109
|
Opinion filed February 16, 2022

**Synopsis**
**Background:** Physician filed a stand-alone claim of defamation against patient, seeking injunctive relief to restrain patient from further spreading and repeating certain allegedly defamatory statements. The Circuit Court, 11th Judicial Circuit, Miami-Dade County, Carlos Lopez, J., issued a preliminary injunction. Patient appealed.

**[Holding:]** The District Court of Appeal, Alexander Bokor, J., held that trial court's issuance of temporary injunctive relief constituted impermissible prior restraint of speech.

Reversed and remanded.

**Procedural Posture(s):** On Appeal; Motion for Temporary Injunction.

West Headnotes (4)

[1]  **Appeal and Error** ⚷ Preliminary injunction; temporary restraining order

On appeal of an order granting temporary injunctive relief, the District Court of Appeal reviews the factual findings under a competent, substantial evidence standard and the legal basis for the issuance of the injunction under a de novo standard.

[2]  **Constitutional Law** ⚷ Injunctions
**Injunction** ⚷ Libel and slander

Physician failed to allege a separate tort upon which special damages could be based, and thus, trial court's issuance of temporary injunctive relief constituted impermissible prior restraint of speech in physician's defamation action against patient, where record revealed there was no finding of special harm, nor could such a finding be made because at best, record contained affidavit with a conclusory statement regarding impact of patient's allegedly defamatory statements, and this statement alone could not form basis for special damages, as required to be entitled to injunctive relief in a defamation claim. U.S. Const. Amend. 1.

[3]  **Injunction** ⚷ Libel and slander
**Libel and Slander** ⚷ Nature and form of remedy

The remedy for defamatory statements lies in an action at law for damages; a limited exception exists where the defamatory words were made in the furtherance of the commission of another tort and where the party demonstrates a special harm, as would warrant injunctive relief.

[4]  **Injunction** ⚷ Grounds in general; multiple factors

Entry of a temporary injunction requires a showing of: (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial

likelihood of success on the merits; (3) a threatened injury to the petitioner that outweighs any possible harm to the respondent; and (4) that the entry of the injunction will not disserve the public interest.

**\*857** An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge. Lower Tribunal No. 21-21329

**Attorneys and Law Firms**

The Foodman Firm, P.A., and Daniel Foodman, Miami, for appellant.

Edy Amisial, in proper person.

Before MILLER, GORDO and BOKOR, JJ.

**Opinion**

BOKOR, J.

[1]Notwithstanding a related civil action pending in circuit court between the parties and an action pending in circuit court, family division, appellee, Dr. Edy Amisial, filed a stand-alone claim for defamation. Despite not seeking injunctive relief in the complaint, Dr. Amisial filed a motion seeking emergency temporary injunctive relief to restrain appellant, Seissa Belmondo, from further spreading or repeating certain allegedly defamatory statements. After an evidentiary hearing, the trial court entered an order granting temporary injunctive relief in favor of Dr. Amisial and against Belmondo, which Belmondo timely appeals.[1]

[2] [3] [4]Here, Belmondo correctly notes that "Florida's courts have long held that temporary injunctive relief is not available to prohibit the making of defamatory or libelous statements." Vrasic v. Leibel, 106 So. 3d 485, 486 (Fla. 4th DCA 2013). The remedy for defamatory statements lies in an action at law for damages. Id. A limited exception exists where "the defamatory words were made in the furtherance of the commission of another tort ... [and] ... where the party demonstrates a special harm." Id. at 487. In the instant case, a review of the record, including the transcript of the hearing before the trial judge, reveals no such finding of special harm, nor a basis upon which such a finding could be made. At best, the record contains an affidavit with a conclusory statement regarding the impact of the statements. However, even ignoring the fundamental flaw of the complaint, which alleges no separate tort upon which special damages could be based, the conclusory allegation contained in the affidavit, without more, cannot form the basis for special damages. Accordingly, absent a separate **\*858** tort and a finding of special harm supported by competent, substantial evidence, the injunction on review constitutes an impermissible prior restraint on speech.[2] We therefore vacate the injunction, and reverse and remand with instructions to deny the temporary injunction.

Reversed and remanded with instructions.

**All Citations**

337 So.3d 856, 47 Fla. L. Weekly D417

**Footnotes**

1     We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(B). We review the factual findings under a competent, substantial evidence standard and the legal basis for the issuance of an injunction under a de novo standard. Telemundo Media, LLC. v. Mintz, 194 So. 3d 434, 435–36 (Fla. 3d DCA 2016).

2     We also note that the appeal raises other, significant issues besides the prior restraint without

**Belmondo v. Amisial, 337 So.3d 856 (2022)**

47 Fla. L. Weekly D417

an appropriate exception. Here,

> [t]he temporary injunction ... lacks the necessary findings in support of the four-prong test set out in [Cosmic Corp. v. Miami-Dade County, 706 So. 2d 347, 348 (Fla. 3d DCA 1998)] and is inconsistent with the requirements of rule 1.610. A temporary injunction that merely recites legal conclusions is insufficient to support its entry.

Angelino v. Santa Barbara Enters., LLC, 2 So. 3d 1100, 1103 (Fla. 3d DCA 2009). Entry of a temporary injunction requires a showing of (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) a threatened injury to the petitioner that outweighs any possible harm to the respondent; and (4) that the entry of the injunction will not disserve the public interest. Id. The injunction must contain "[c]lear, definite, and unequivocally sufficient factual findings" as to each element. Id. (citations omitted). Here, the order on review does not—and, based on the record, cannot—contain the requisite findings. As noted by Belmondo, the record contains no affirmative statement, under oath, by the party seeking the injunction that the claimed statements were false or that actual damages resulted from the defamatory comments. See 🚩 Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008) (noting, *inter alia*, that a defamatory statement must be false and result in actual damages). We decline to review the procedural or due process issues raised because we dispose of the matter on other grounds.

---

**End of Document**                             © 2023 Thomson Reuters. No claim to original U.S. Government Works.