# Exhibit 1

Pages 1 - 54

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Before The Honorable Lisette M. Reid, Magistrate Judge

```
PAIGE FINKELSTEIN, M.D.,        )
                                )
          Plaintiff,            )
                                )
   VS.                          )          NO. 23-CV-20188-RKA
                                )
MOUNT SINAI MEDICAL CENTER OF   )
FLORIDA, et al.,                )
                                )
          Defendants.           )
_____)
```

Miami, Florida
Friday, May 19, 2023

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

        NASON YEAGER GERSON HARRIS & FUMERO, P.A.
        3001 PGA Boulevard, Suite 305
        Palm Beach Gardens, Florida 33410
    BY:  **RICHARD H. LEVENSTEIN, ESQ.**
        **GABRIELLE OLIVIERI SLIWKA, ESQ.**

For Defendants:

        LASH & GOLDBERG LLP
        100 Southeast Second Street, Suite 1200
        Miami, Florida 33131
    BY:  **MARTIN B. GOLDBERG, ESQ.**
        **CLARK SIGMAN SPLICHAL, ESQ.**
        **ASHLEY PAIGE SINGROSSI, ESQ.**

Transcribed By:  James C. Pence-Aviles, RMR, CRR, CSR No. 13059
               Official Court Reporter

```
 1        But it's not inappropriate for an objective party to write

 2   that letter so that Dr. Finkelstein has a fair chance of moving

 3   forward in her -- in her career, and that's all we're asking

 4   for.

 5        And so to say that we're --

 6        THE COURT:  So it sounds like -- let me just say what

 7   it sounds like to me -- because I was -- I had the same concern

 8   after I heard what you said before, and it sounds like you're

 9   saying the same thing.

10        How does the Court have the authority to compel any

11   employer to write a -- essentially, what it sounds like to me,

12   in sort of layman's terms, a letter of reference to -- on

13   behalf of somebody?  Like, how -- how do I have the authority

14   to require Mount Sinai to write a reference letter?

15        That's --

16        MR. LEVENSTEIN:  Because --

17        THE COURT:  -- not the normal injunction; right?  An

18   injunction is I can tell a company to stop using a particular

19   trademark.  I can tell a company to not do something, but

20   you're asking for the reverse.

21        You're asking me to compel the company to do something,

22   and that something is to write a letter on behalf of this -- of

23   Dr. Finkelstein and -- and that that letter should come from

24   somebody else other than who the -- particularly by someone

25   else other than the doctor who's already written it.
```

1      How do I have the authority?  And give me some case law.

2          MR. LEVENSTEIN:  I don't have the case law at my

3   fingertips here, Your Honor, but you have the equitable

4   authority to enter injunctive relief.

5      This -- this program director letter is not optional.

6   This residency program that Dr. Ben-David is the director of is

7   required to furnish program director letters for every resident

8   who goes through the program.

9          THE COURT:  So you're saying it's sort of a

10  contractual requirement.  Okay.

11         MR. LEVENSTEIN:  It -- my client -- my client was a

12  resident under a contract with Mount Sinai.  She was subject to

13  the ACGME, the American Commission on Graduate Medical

14  Education's rules and regulations that govern residency

15  programs, as is the program.

16     The rules of those -- of that program state that a

17  resident is entitled to receive a summative evaluation.  That

18  is an evaluation of her -- his or her entire time during the

19  residency program.  That is --

20         THE COURT:  And did she get that evaluation?

21         MR. LEVENSTEIN:  Only -- only after -- initially, when

22  she requested it, she was asked to sign a general release to

23  get it, which she refused, and they refused to give her the

24  document.

25     And that's what Mr. Jaffee is going to testify about, and

```
 1   he forwarded --

 2           THE COURT:  So I can require them to do it without her

 3   signing a general release?

 4           MR. LEVENSTEIN:  You can because the ACG- -- the ACGME

 5   requirements state that every resident is absolutely,

 6   unconditionally entitled to those documents --

 7           THE COURT:  Okay.

 8           MR. LEVENSTEIN:  -- the summative evaluation --

 9           THE COURT:  It doesn't sound like an injunction.  It

10   sounds like you are asking the Court to require Mount Sinai to

11   comply with its contract, which is just a regular contract

12   dispute.

13           MR. LEVENSTEIN:  No.  We're asking -- we're asking you

14   to --

15           THE COURT:  Or am I missing something?

16           MR. LEVENSTEIN:  You are -- I don't want to say you're

17   missing anything, Your Honor, but I do want to say that the

18   circumstance here is -- is highly unusual because Dr. Ben-David

19   is the defendant in this case.

20      He is the party that would be writing that letter.

21   Clearly, he's not objective, as far as my client is concerned,

22   and her testimony will indicate.  And she is entitled to have

23   an objective program director letter under the ACGME

24   guidelines.

25      We're asking the Court to issue an injunction requiring
```

 1   them to comply with that requirement by giving her the

 2   opportunity to have an objective program director letter to go

 3   on with her career.

 4       Absent that, she has suffered irreparable harm and will

 5   continue to suffer -- suffer irreparable harm because her

 6   career has stalled completely, even so far as getting a house

 7   surgeon position when Dr. Ben-David was in touch with

 8   Dr. Goodman and basically told Dr. Goodman if he were

 9   Dr. Goodman, he would not hire Dr. Finkelstein.

10       That's what Dr. Goodman's affidavit says.  Now,

11   Mr. Goldberg can say that's a misrepresentation all he wants,

12   but Dr. Goodman said that under oath.  And until there's some

13   proof otherwise, that's a representation he's given under oath

14   and will testify to.

15       So --

16           **THE COURT:**  Okay.

17           **MR. LEVENSTEIN:**  -- my position is Dr. Finkelstein --

18           **THE COURT:**  Mr. Levenstein, I do hear you --

19           **MR. LEVENSTEIN:**  Yes, ma'am.

20           **THE COURT:**  -- and -- and what you're saying is -- you

21   know, makes sense in terms of -- of what you're asking

22   Beth Israel or Mount Sinai to do.

23       But that sounds like you're putting together a -- a

24   contract dispute, in which the doctor is required to write some

25   sort of letter, and the doctor either hasn't done it or hasn't

1    done it in an appropriate way, in accordance with the contract.

2        It still doesn't sound like injunctive relief.

3        **MR. LEVENSTEIN:**  It only sounds like injunctive relief

4    because he's the defendant in this case.  We're not asking --

5    we don't -- we're not asking him to write a program director

6    letter, which he's not done, and that's part of -- and,

7    Your Honor --

8        **THE COURT:**  But you're asking me to interpret a

9    contract because if they come back -- let's say they come back

10   and say, "Well, we don't" -- "we don't have any requirement to

11   write her a letter when she doesn't sign a" -- "a waiver of" --

12   "and so we" -- "we're complying.  We're all in compliance with

13   the agreement."

14       Then all I'm doing is contract interpretation; correct?

15       **MR. LEVENSTEIN:**  No, ma'am.  During -- during the time

16   that Dr. Finkelstein had resigned from her position and was

17   trying to move on in 2021, she requested, through her counsel,

18   a program director letter and a summative evaluation and a

19   completion certificate.

20       Under the ACGME guidelines and rules under the manual, by

21   which this residency program is governed and Dr. Finkelstein

22   was governed, those are documents they're required to provide.

23   And it specifically says when a resident seeks transfer to

24   another program, these documents must be provided.

25       Counsel for the hospital responded by providing a letter,

```
 1  with an attached general release, indicating that if

 2  Dr. Finkelstein signed a general release of all claims, which

 3  would have prevented this lawsuit -- that they would provide

 4  her with the summative evaluation, which she was

 5  unconditionally entitled to; with the completion documents,

 6  which she was unconditionally entitled to; and a program

 7  director letter, which they drafted and sent to them, which

 8  they would provide to her if she signed the release.

 9       Without the release, they would provide nothing to her,

10  and they did not provide anything to her until we filed this

11  lawsuit.

12            THE COURT:  Okay.

13            MR. LEVENSTEIN:  That's the history.  That's the true

14  history of the relationship and that you will hear testimony

15  of, which is why injunctive relief is appropriate.

16            THE COURT:  I'm not sure I need any testimony.

17            MR. LEVENSTEIN:  Right.

18            THE COURT:  It sounds like a contractual dispute.

19  What I need is to know what those guidelines are.

20       Is there any dispute of fact at all, Mr. Goldberg, with

21  regard to whether she was asked to sign a release, whether a

22  letter was sent?

23            MR. GOLDBERG:  So he's conflating issues, and I just

24  want to go back to -- the request for injunctive relief is on

25  this -- what he's calling a program director letter.
```

1       I would be happy to brief this.  Even though we're the

2  defendant, not seeking injunctive relief, I would like to

3  submit a memo to you in advance that outlines there is no

4  program director requirement.  We are not required, as a

5  residency, to provide any program director letter.  The only

6  thing that we're required to do is a verification, particularly

7  for residents who leave before they complete.

8       And so the whole primary issue of asking for a program

9  director letter and for you to enter an injunction with respect

10  to that -- I have to be able to show you, and I want to be able

11  to show you, that there is no such thing.  So the whole premise

12  is faulty.  He's conflating issues now.

13       He -- in sort of a, you know, roundabout way, he brings in

14  these summative evaluations.  There is an obligation to provide

15  summative evaluations.  They were provided to her when she was

16  at Mount Sinai, and they were provided to her when she

17  requested them.

18       In the -- in the course of this lawsuit, the program --

19  the hospital wrote her and said, "You should have had these.

20  You had access to them.  You signed them.  But if you don't

21  have them, we'll provide them to you."  That's not part of the

22  injunctive relief, and it's been -- it's been given to her.

23           THE COURT:  Okay.

24           MR. GOLDBERG:  And the last thing I'll say is there is

25  no contract -- I understand -- your point is a good one, but

1  there is actually no contract that requires a program director

2  letter.

3      So that's why I just want the opportunity to brief it or

4  maybe come before you for a 30-minute argument because --

5          **THE COURT:**  Right.

6          **MR. GOLDBERG:**  -- I don't think, at the end of the

7  day, we need an evidentiary hearing, in my view, for this

8  motion to be denied.

9      So --

10          **THE COURT:**  Right.

11     Okay.  Yeah, and it sounds like I need to know the legal

12  issues.  I don't need a lot of witnesses.  Maybe there might be

13  some documentation that -- that you need to present,

14  Mr. Levenstein, to support your -- your side, and maybe

15  Mr. Goldberg.

16     But I don't see why it should require the testimony of

17  witnesses.  It's a legal argument, and that's what I'm

18  expecting to hear on June 21st, a legal argument with respect

19  to -- with respect to both -- the issues that you're talking

20  about, Mr. Levenstein.

21          **MR. LEVENSTEIN:**  Thank you, Your Honor.

22          **THE COURT:**  And -- and I'm also expecting to hear why

23  this is framed in the language of injunctive relief when this

24  is not the normal type of injunction that -- that the Court is

25  used to entering.

 1          Give me some case law to support your position that I have

 2     authority to require a program director letter and that that

 3     somehow is injunctive.

 4               **MR. LEVENSTEIN:**  I'll be happy to do that, Your Honor.

 5               **THE COURT:**  So -- so -- so -- so the hearing on

 6     June 21st -- because I do recall my law clerk asked --

 7     apparently, there's some question as to whether your -- you

 8     want witness lists.

 9          And there should be no witnesses.  It sounds like a purely

10     legal argument that you have described to me.

11               **MR. GOLDBERG:**  Judge, could I ask that maybe

12     Mr. Levenstein submit a memo in advance of the hearing, and

13     then we have five days or something to respond to it, so at

14     least you and your law clerk have at least the background?

15               **THE COURT:**  (Inaudible).  Yes.

16               **MR. GOLDBERG:**  Yes.

17               **MR. LEVENSTEIN:**  Your Honor, if there's going to be a

18     response --

19               **THE COURT:**  (Inaudible).

20          Go ahead, Mr. Levenstein.

21               **MR. LEVENSTEIN:**  If there's going to be a response by

22     Mr. Goldberg, then we would like the opportunity to file a

23     reply to his response.

24               **THE COURT:**  Okay.

25               **MR. GOLDBERG:**  That's fine.