# Tab 19

Defendants will continue to employ their intimidation tactics against Dr. Finkelstein, and her efforts to continue her medical career, as well as tortiously interfering with Dr. Finkelstein's business relationships, all to the irreparable harm of Dr. Finkelstein's reputation and ability to pursue her career and training as a physician.

### II. Defendants Were Willing To Provide The Relief Requested In Exchange For Dr. Finkelstein Signing A Release Of All Claims Agreement

Being unable to deny this Court's authority to issue the relief requested, Defendants now have chosen to focus on one single element of the injunctive relief, the Program Director letter. Defendants' assertions paint a stark picture in which they are allegedly being mandated to provide an "unworkable relief", and a "potential liability." However, Defendants' latest position is fundamentally compromised by Defendants' own hypocrisy and the very fact that MSMC and Dr. Ben-David were willing and ready to provide a Program Director's letter in exchange for Dr. Finkelstein signing the Release of All Claims Agreement, a letter which contains no claims based on communications or professionalism issues.[5] Even that letter was not objective or accurate. Likewise, the Court should not allow Defendants to weaponize this Program Director's Letter and use it as a sword when it is to Defendants' own benefit, and as a shield when Defendants attempt to justify its own misconduct by pretending to be an honest broker when it comes to Dr. Finkelstein, while nothing is further from the truth.

### III. Defendants are legally bound to provide the relief requested based on The Accreditation Council for Graduate Medical Education ("ACGME") Common Program Requirements (Residency)

Not being able to attack Dr. Finkelstein's clear right to request the injunctive relief or this Court's powers to grant the relief as requested in multiple Court filings, Defendants now attempt to confuse the basis for Dr. Finkelstein' Motion with legal requirements which are imposed upon

---

[5] *See* Finkelstein 001372-74, attached hereto as Exhibit 1. Further, Plaintiff objects to Defendants' use of Dr. Finkelstein's counsel', Barry Wax, testimony, as it understands this Court directed the parties to focus on the legal issues, and no testimony would be taken. Plaintiff further objects to the characterization of Mr. Wax's testimony being used to indicate Dr. Finkelstein has no legal right to the injunctive relief requested as inaccurate and misleading. Mr. Wax has stated, in no uncertain terms, that Dr. Finkelstein had a legal right to the Completion Documents, which Mr. Wax requested that Defendants produce numerous times, to no avail. *See* Wax Depo. 169:1-181:12, attached hereto as Exhibit 2. Lastly, pertaining to Defendants indicating that Plaintiff's counsel took the "unusual step of deposing her own attorney," Plaintiff's counsel clarifies that the Defendants issued a notice of intent to depose Mr. Wax. *See* Clark Splichal's April 21, 2023, communications indicating this, attached hereto as Exhibit 3.