UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20188-ALTMAN/REID

PAIGE FINKELSTEIN, M.D.,

    Plaintiffs,

v.

MOUNT SINAI MEDICAL
CENTER OF FLORIDA, INC., *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
ON MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. [ECF No. 39]. The Honorable Judge Roy K. Altman referred the Motion to me for a report and recommendation. [ECF No. 44]; *See* 28 U.S.C. § 636. Having heard from the parties at a preliminary injunction hearing and considered the extensive briefing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 39] be **DENIED**.

**I.      Background**

Plaintiff Paige Finkelstein, M.D., initiated this action in state court in September 2022. [ECF No. 1]. Defendants moved to dismiss the state court Complaint, and during the pendency of that motion, Plaintiff filed an Amended Complaint asserting new claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964. [*Id.*] Defendants consequently removed

1

the action to this court, alleging federal question jurisdiction. [*Id.*] Since then, Plaintiff filed a Second Amended Complaint and this Motion for injunctive relief. [ECF No. 38, 39].

According to the Second Amended Complaint, Plaintiff was wrongfully terminated from a medical residency program that was sponsored by Defendant Mount Sinai Medical Center ("Mount Sinai"). [ECF No. 38 at 17]. She alleges she joined Mount Sinai's surgical residency program ("Program") in June 2018 as one of three female residents after receiving her medical degree from the University of Miami. [*Id.* at 13]. She claims that, within months, she began experiencing discrimination based upon her sex and disability discrimination based upon a diagnosis of Attention Deficit/Hyperactivity Disorder ("ADHD"), and that Dr. Ben-David, the Program director, took several retaliatory actions against her whenever she voiced her concerns about the Program. [*Id.* at 11]. Plaintiff further alleges that she was forced to resign from the Program in 2020 and that Defendants withheld important records from her to force her to sign a general release and non-disclosure agreement. [*Id.* at 13]. Finally, she claims Defendants have made defamatory statements to discredit her and prevent her from continuing her medical career. [*Id.* at 14].

The Second Amended Complaint contains claims for: (1) wrongful termination; (2) breach of contract; (3) intentional infliction of emotional distress; (4) tortious interference, (5) defamation; (6) extortion; (7) sex-based discrimination and retaliation in violation of Title VII (8) discrimination and retaliation in violation of the American with Disabilities Act; and (9) sexual harassment. *See generally* [ECF No. 38]. Additionally, Plaintiff asserts Mount Sinai is vicariously liable for Dr. Ben-David's wrongful conduct, and that Mount Sinai acted negligently when supervising and retaining Dr. Ben-David. [*Id.*]. As relief, Plaintiff seeks monetary damages and injunctive relief. [*Id.*; ECF No. 39].

In her Motion for injunctive relief, Plaintiff specifically asks the court to:

1. Compel[] MSMC and Dr. Ben-David to consent that Dr. Finkelstein can designate a new faculty member of the Surgical Residency Program of her choice to serve as reference provider, which MSMC and Dr. Ben-David shall not unreasonably withhold consent or object without just cause;

2. Restrain[ ]and enjoin[] Defendants from continuing to employ Defendants' intimidation tactics and defamatory campaigns against Dr. Finkelstein.

[ECF No. 39 at 19]. And in a supplemental memorandum of law—which this Court instructed Plaintiff to file to clearly identify the equitable remedy sought and the legal basis for that remedy—Plaintiff "reframes" her request to include:

a. Restraining and enjoining Defendants from withholding the sharing of complete an accurate reference verification, including an accurate Residency Program Director letter;

b. Restraining and enjoying Defendants from continuing to refer, mention, or discuss unfounded professionalism claims when discussing Dr. Finkelstein's tenure in the General Surgery Residency Program at Mount Sinai;

c. Restraining and enjoining Defendants from continuing to refer to, mention, or discuss Dr. Finkelstein's tenure as a resident in the General Surgery Residency Program at Mount Sinai by mentioning Dr. Finkelstein's ADHD traits, including, but not limited to: (i) unspecified time management issues; (ii) unspecified communication skills issues (not being assertive enough and/or being abrasive); (iii) unspecified concentration or focusing issues; (iv) unspecified interpersonal skills issues; (v) unspecified professional behavior issues; (vi) unspecified issues with organizing and/or setting priorities ; (vii) unspecified issues pertaining to becoming "overwhelmed;" (viii) unspecified impulsivity issues; (ix) unspecified issues with either understanding or respecting social boundaries; (x) unspecified issues with respecting hierarchy; (xi) unspecified issues with self-confidence or self-esteem (not being confident enough or lacking humility); unspecified maturity issues; (xii) presenting below expectations grades and/or academic progress; and (xiii) unspecified maturity issues; and

d. Enjoining the destruction, transfer, concealment, or otherwise withholding of Defendants' records, including meeting minutes, organizational charts, communications, and any relevant documents or recording.

[ECF No. 94 at 13–14]. Plaintiff argues this relief will preserve the *status quo* and prevent Defendants from continuing to defame her and from interfering with prospective employers or residency programs.

In response, Defendants argue that Plaintiff was terminated from the Program due to her performance as reflected in her six-month evaluations. [ECF No. 60 at 7–8]. They note that Plaintiff was placed on academic probation on two occasions and that remediation efforts were unsuccessful. [*Id.*]. But regardless of the merits of the case—Defendants claim—Plaintiff has failed to show she is entitled to injunctive relief. They argue that Plaintiff's requests are barred as unconstitutional prior restraints on speech, that there is no feasible means of enforcement, that the alleged irreparable harm is speculative and undermined by her delay in seeking relief, and that public policy disfavors judicial review of academic and business decisions. [*Id.* at 7].

## II.   Legal Standard

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *F.T.C. v. Sterling Precious Metals, LLC*, 894 F. Supp. 2d 1378, 1382 (S.D. Fla. 2012) (quoting *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir.2003)). "The purpose of a preliminary injunction is to preserve the positions of the parties as best we can until a trial on the merits may be held." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir.2011) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

Normally, a private party seeking a preliminary injunction under Federal Rule of Civil Procedure 65 must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction might cause the non-moving party;

and (4) if issued, the injunction would not be adverse to the public interest. *Sterling Precious Metals, LLC*, 894 F. Supp. 2d at 1383 (citing *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC*, 425 F.3d 964, 968 (11th Cir. 2005)). Failing to establish an element "will warrant denial of the request for preliminary injunctive relief and obviate the need to consider the remaining prerequisites." *Zekas v. Rausch*, 3:22-CV-590-BJD-PDB, 2023 WL 4350417, at *1 (M.D. Fla. June 15, 2023) (citing *Pittman v. Cole*, 267 F.3d 1269, 1292 (11th Cir. 2001)).

"A typical preliminary injunction is prohibitive in nature and seeks simply to maintain the *status quo* pending a resolution of the merits of the case." *Haddad v. Arnold*, 784 F. Supp. 2d 1284, 1295 (M.D. Fla. 2010). When a preliminary injunction is sought to force another party to act, rather than simply to maintain the *status quo*, it becomes a "mandatory or affirmative injunction" and the burden on the moving party increases. *Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971). Such relief "should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party." *Id.* A mandatory injunction is proper where a clear legal right has been violated, irreparable harm has been threatened, and there is a lack of an adequate remedy at law. *Fernandez v. Bal Harbour Vill.*, 49 F. Supp. 3d 1144, 1151 (S.D. Fla. 2014).

### III.  Discussion

First, the Court notes that the relief Plaintiff seeks is largely affirmative or mandatory injunctive relief. [ECF Nos. 39, 94]. Plaintiff does not seek to maintain the *status quo*, but instead asks the Court to compel Defendants to provide a letter of recommendation to Plaintiff—or what Plaintiff calls a "Residency Program Director letter"—authored by an individual of Plaintiff's choice. By asking for a letter recommendation that contains no "disparaging" or "inaccurate"

5

statements, or that is limited to certain topics, Plaintiff basically asks the Court to compel Defendants to express views with which they disagree. *See Baskin v. Royal Goode Productions LLC*, 8:21-CV-2558-VMC-TGW, 2021 WL 6125612, at *6 (M.D. Fla. Nov. 19, 2021) (rejecting movants' arguments they did not seek to limit or control protected speech because "by [editing the publication], the plaintiffs advocate for a court injunction which changes the form of expression, if not the message itself.").

Plaintiff describes her request as "restraining" Defendants from taking certain actions, but however phrased, Plaintiff asks the Court to force Defendants to act, rather than simply maintaining *status quo*. This mandatory injunctive relief is particularly disfavored and places a higher burden on Plaintiff. *See Jeremiah's Int'l Trading Co., Inc. v. Ren Media Group USA, Inc.*, 8:17-CV-2234-T-30TBM, 2017 WL 5900111 (M.D. Fla. Nov. 14, 2017) (explaining that restraint on defendant's comments about the suit or its relationship with plaintiff constituted mandatory injunctive relief).

Plaintiff argues that because Mount Sinai received accreditation from the American Counsel of Graduate Medical Education (ACGME) for the residency program, Mount Sinai is required to provide residents with certain records, including a Program Director Letter and proof of completion. [ECF No. 94 at 7]. Plaintiff, however, points to no specific language showing that Mount Sinai has a duty to provide Plaintiff with a Program Director letter authored by an individual of her choice. Critically, Plaintiff fails to show that accreditation programs like the ACGME may be enforced by residents under a third-party beneficiary theory. *See Irani v. Palmetto Health, Univ. of S.C. Sch. of Med.*, 3:14-CV-3577-CMC, 2016 WL 3079466 (D.S.C. June 1, 2016) (explaining medical resident could not establish breach of contract under ACGME); *Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 51 F. Supp. 3d 828 (S.D. Ind. 2014).

But, even if Plaintiff could enforce the ACGME's policies and rules, the Common Program Requirements generally state that the sponsoring institutions must provide "document verification" to residents, but contain no express language requiring a "letter," let alone one authored by the resident's choice. [ECF No. 102-32, 102-33]. Furthermore, Plaintiff has admitted she received "Completion Documents" from Mount Sinai after she filed the Second Amended Complaint. [ECF No. 94 at 7].

Plaintiff has not shown that preliminary injunctive relief—let alone affirmative or mandatory injunctive relief—is warranted. She has not demonstrated a threat of continuing irreparable harm. A showing of irreparable injury is "the sine qua non of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Irreparable injury "must be neither remote nor speculative, but actual and imminent." *Id.* An injury is 'irreparable' only if it cannot be undone through monetary remedies. *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1449 (11th Cir. 1991). Plaintiff argues she has been irreparably harmed by not being able to continue her medical training or earn an income. [ECF No. 39 at 15]. She points to purported evidence that Mount Sinai Beth Israel, an unrelated institution, withdrew an offer of employment in 2021 due to Dr. Ben-David interference and untrue statements. [ECF No. 40 at 15].

Even if these allegations are proven to be true, these do not show that Plaintiff faces actual and imminent harm. Defendants note that Plaintiff did not file this action until September 2022— well after Mount Sinai Beth Israel withdrew the offer of employment in 2021. Thus, it is not evident that Defendants are actively interfering with a current employment opportunity. More to the point, however, Plaintiff has an adequate remedy at law because she may recover monetary damages based on the alleged tortious interference and the other causes of action raised in the complaint, such as defamation and sex discrimination. The Supreme Court has clearly stated that

7

"the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

In sum, Plaintiff has failed to show irreparable harm has been threatened and that there is a lack of an adequate remedy at law. The Court need not consider the remaining prerequisites for a preliminary injunction once it establishes that one of the elements cannot be satisfied. *Zekas*, 2023 WL 4350417, at *1. Nonetheless, I find at this juncture Plaintiff has also failed to establish a likelihood to succeed on the merits. "A substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain*, success." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). Plaintiff's six-month evaluations directly refute her defamation and wrongful termination claims. Although discovery may later reveal more facts, at this time the only evidence of discrimination or retaliation are Plaintiff's own declarations. Without more, Plaintiff has not shown she is *likely* to succeed on the merits.

To the extent Plaintiff requests a preliminary injunction to prevent the destruction of evidence, Defendant already has a duty to preserve relevant evidence. *EOX Tech. Sols. v. Galasso*, 23-CV-60448, 2023 WL 3478445 (S.D. Fla. May 16, 2023) (citing *Ala. Aircraft Indus., Inc. v. Boeing Co.*, No. 20-11141, 2022 WL 433457, at *14 (11th Cir. Feb. 14, 2022)). A party to civil litigation has a duty to preserve relevant information when that party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation. *See Ala. Aircraft Indus.*, 2022 WL 433457, at *14.

Next, Plaintiff has not shown that the balance of harms favors the entry of a preliminary injunction. Limiting or controlling Defendants' protected speech far outweighs the harm to Plaintiff. And as discussed, Plaintiff has an adequate remedy at law. Finally, for the reasons already

explained, the Court finds that the public will not be served by granting the injunctive relief Plaintiff requests. *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 92 (1978) ("Courts are particularly ill-equipped to evaluate academic performance.").

Accordingly, Plaintiff has failed to establish she is entitled to preliminary injunctive relief.

### IV.   Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiffs' Motion for Preliminary injunction be **DENIED**. [ECF NO. 39].

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 17th day of July 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **All Counsel of Record**