IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PAIGE FINKELSTEIN, M.D.,

    Plaintiff,

v.

MOUNT SINAI MEDICAL CENTER OF
FLORIDA, INC., a Florida Not For Profit
Corporation, and KFIR BEN-DAVID, M.D.,

    Defendants.
_____/

Case No. 1:23-CV-20188-RKA

**PLAINTIFF'S, PAIGE FINKELSTEIN, M.D., M.P.H., M.B.A., AMENDED MOTION FOR LEAVE TO AMEND HER AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW UNDER FEDERAL RULE OF CIVIL PROCEDURE 15**

Plaintiff, PAIGE FINKELSTEIN, M.D., M.P.H., M.B.A., pursuant to Rule 15 of the Federal Rules of Civil Procedure, Local Rules 7.1(a)(1) and 15.1, and this Court's July 13, 2023 Order Striking the Second Amended Complaint [ECF No. 111] (the "Order"), seeks leave to amend its Amended Complaint filed in State Court (the "Amended Complaint") prior to the case venue transfer, and in support thereof, states:

## BACKGROUND

1. Plaintiff filed her initial complaint against Mount Sinai Medical Center ("MSMC") and Kfir Ben-David, M.D. ("Dr. Ben-David") (collectively "Defendants") in the Circuit Court of the Eleventh Circuit in and For Miami-Dade County, Florida, on September 30, 2022.

2. After timely filing a charge against Defendants with the U.S. Equal Employment Opportunity Commission, Plaintiff received her Notice of Right to Sue on October 26, 2022, prompting Plaintiff to seek an amendment to her Initial Complaint to include the discrimination charges previously being investigated by the EEOC.

3. Plaintiff's Verified Amended Complaint, including the discrimination claims to which the EEOC previously investigated, was filed on December 30, 2022.

1

4.       On January 17, 2023, Defendants petitioned state court for removal of the case to Federal Court.

5.       On February 7, 2023, this Court held a hearing on Defendant's Motion to Strike Plaintiff's Reply to Defendants' Response in Opposition to her Motion for Preliminary Injunction. *See* Sealed Exhibit 1 (2023.02.07 Hearing Transcript) to Defendants' Motion For Sanctions [ECF 115] ("2023.02.07 Hearing Transcript")

6.       During the February 7, 2023 hearing, this Court determined that Plaintiff should file a Second Amended Complaint, excluding certain allegations, which Defendants moved to strike from it. *See* 2023.02.07 Hearing Transcript, at 14 ¶¶ 13-21.

7.       Notably, the Court never limited or otherwise restricted Plaintiff's ability to freely amend her Complaint to reflect the case's new venue in Federal Court: "I'll give you leave to file an amended Complaint. You can file an amended Complaint without this stuff in it. I'm not saying you should make it barebones. I think you should flesh out your factual assertions, just leave this stuff out of it." *Id*.

8.       Plaintiff filed her Verified Second Amended Complaint on February 17, 2023, striking certain portions in accordance with this Court's February 7, 2023 Order [ECF No. 21] and to include certain portions and claims as necessary to reflect the case's new venue [ECF No. 38].

9.       Defendants moved to Strike Plaintiff's Second Amended Complaint on March 03, 2023, alleging that Plaintiff had failed to seek leave from this Court to amend her Amended Complaint [ECF No. 52].

10.      On July 13, 2023, and after Defendants and Plaintiff filed the relevant briefs, the Court issued its order granting Defendants' Motion to Strike in part, instructing the Clerk of Court to Strike the SAC [ECF No. 38] and permitting Plaintiff to seek the Court's leave to amend her Complaint. [ECF No. 111].

11.      Thus, Plaintiff now seeks leave to amend her Complaint to reflect that it is compatible with this case's new venue in Federal Court and to update its status. A copy of the proposed Second Amended Complaint ("SAC") is attached hereto as **"Exhibit A."**

12.      As demonstrated in the proposed SAC, Plaintiff seeks to tailor its claims to applicable federal case law and legal authority, as well as to follow local rules, and to reflect claims, facts, and events consistent with this present status.

13. Because Defendants will be allowed to refile their motion to dismiss, no Defendant will be unduly prejudiced by Plaintiff's amendment. Likewise, and to allow this case to be decided on the merits, this Court should grant Plaintiff leave to file her SAC, pursuant to the prevailing view that amendment should be freely granted under such circumstances.

## ARGUMENT

### I. Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend its pleading ... [with] the court's leave," and that the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court's discretion under Rule 15(a) is "extensive[.]" *In re Farm-Raised Salmon & Salmon Prod. Antitrust Litig.*, No. 19-21551-CIV, 2021 WL 5707670, at *1 (S.D. Fla. Oct. 27, 2021). The Supreme Court has directed that leave to amend should be denied only in cases marked by undue delay, bad faith or dilatory motive, futility of amendment, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Eleventh Circuit has further explained that "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (alteration added; quotation marks and citation omitted).

#### A. There Has Been No Undue Delay, Bad Faith, Or Dilatory Motive In Seeking Leave To Amend

The Court should grant Plaintiff's Motion for Leave to Amend her Complaint because Plaintiff's SAC has been timely filed well before the close of discovery and before any dispositive motions have been filed, briefed, and decided.

Courts within the Southern District have held that no bad faith or dilatory motives exist where, like in Plaintiff's case, the moving party promptly files their motion for leave to amend timely. *See Thompson v. Branch Banking & Tr. Co.*, No. 19-CV-60108, 2020 WL 1976246, at *2 (S.D. Fla. Apr. 24, 2020) (finding no bad faith or dilatory motive when the moving party promptly filed their Motion.); *In re Farm-Raised Salmon and Salmon Products Antitrust Litigation*, 2021 WL 5707670, at *2 (finding that undue prejudice and delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.)

Here, the Court has issued its order striking the operative Complaint from the record while allowing Plaintiff the opportunity to file a motion for leave to amend her Complaint on July 13,

2023, while Plaintiff files her motion for leave to amend on July 25, 2023, less than two weeks later. Further, Plaintiff's proposed amendment is sought well before the close of discovery and before any dispositive motions have been filed, briefed, and/or decided. Thus, because Plaintiff timely seeks to amend, the Court should find that there is no undue delay or bad faith and grant Plaintiff's Motion for Leave to Amend.

### B.  The SAC Will Not Cause Defendants To Suffer Undue Prejudice

The Court should grant Plaintiff's Motion for Leave to Amend her Complaint because, while denying Plaintiff's Motion for Leave to Amend would severely and irreparably harm Plaintiff's ability to litigate this matter, allowing Plaintiff to file her SAC will not cause Defendants to suffer Undue Prejudice.

Defendants will not be prejudiced by allowing Plaintiff to file her SAC. First, Defendants initiated the venue transfer, which prompted Plaintiff's need to amend its Verified Amended Complaint filed in state court based on state law claims. Second, Plaintiff's SAC is virtually identical to the recently stricken SAC, with no new claims and containing only a few narrowly tailored modifications made to accommodate Defendants' request to remove certain terms.[1] Lastly, Defendants cannot argue that they are suffering undue prejudice because even in the event this Court grants Plaintiff leave to file her SAC, the Defendants will have another opportunity to refile their motion to dismiss. *See* ECF No. 111. Thus, because Plaintiff's SAC includes no new claims and Defendants will be afforded the opportunity to refile their Motion to Dismiss, the Court should find that Plaintiff's SAC will not cause Defendants to suffer undue prejudice and grant Plaintiff's Motion for Leave to Amend.

### C.  Dr. Finkelstein's Proposed SAC Would Not Be Futile

The Court should grant Plaintiff's Motion for Leave to Amend her Complaint because her proposed amendment is not futile.

Leave to amend is futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Glob. Network Mgmt., Ltd. v.*

---

[1] In response to Defendants' service of a motion pursuant to Federal Rule of Civil Procedure 11, Plaintiff agreed to strike all portions of her Second Amendment Complaint ("SAC") that allege or relate to Plaintiff's allegation that the Defendants sought to obtain a Non-Disclosure Agreement from Plaintiff. There are approximately 52 such references in the SAC contained at or within paragraphs 10, 11, 33, 34, 39, 41, 50, 63, 64, 76, 79, 80, 100, 101, 107, 109, 110, 115, 116, 122, 123, 129, 130, 133, 134, 226, 232, 246, 252, 267, 273, and 288.

*Level 3 Commc'ns, LLC*, No. 18-CIV-24560-RAR, 2019 WL 13072752, at *7 (S.D. Fla. Sept. 7, 2019) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).)

Here, Plaintiff's proposed amendment is not futile because there has been no ruling on Plaintiff's initial and Amended Complaint, and, therefore, Plaintiff's proposed amendment cannot be found to be futile as a matter of law. Thus, because there has not yet been any ruling on Plaintiff's initial and amended Complaints, the Court should find that the proposed SAC would not be futile and grant Plaintiff's Motion for Leave to Amend.

## CONCLUSION

For the foregoing reasons, Plaintiff, PAIGE FINKELSTEIN, M.D., M.P.H., M.B.A., requests that the Court grant her Motion for Leave to Amend together with all further relief deemed just and proper by this Court.

Dated: July 25, 2023.               Respectfully submitted,

    /s/ *Richard H. Levenstein*

Richard H. Levenstein
Florida Bar No. 235296
Gabrielle O. Sliwka
Florida Bar No. 1022654
Abby M. Spears
Florida Bar No. 44662
Primary E-mail: rlevenstein@nasonyeager.com
gsliwka@nasonyeager.com;
aspears@nasonyeager.com
Secondary E-mail: ptreadway@nasonyeager.com;
creyes@nasonyeager.com
NASON, YEAGER, GERSON,
HARRIS & FUMERO, P.A.
3001 PGA Boulevard, Suite 305
Palm Beach Gardens, Florida 33410
Telephone:     (561) 686-3307
*Attorneys for Plaintiff, Paige Finkelstein, M.D.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on July 25, 2023, or in the manner specified on all counsel or parties of record on the Service List below:

***Attorneys for Defendant, Mount Sinai Medical Center of Florida and Defendant, Kfir Ben-David, MD***
Martin B. Goldberg, Esq.
David R. Ruffner, Esq.
Clark Splichal, Esq.
Ashley P. Singrossi, Esq.
Benjamin Shiekman, Esq.
Lash & Goldberg LLP
Miami Tower
100 S.E. 2nd Street
Suite 1200
Miami, Florida 33131
Primary Email: mgoldberg@lashgoldberg.com; csplichal@lashgoldberg.com
druffner@lashgoldberg.com; asingrossi@lashgoldberg.com; bshiekman@lashgoldberg.com
Secondary Email: rdiaz@lashgoldberg.com; mwallace@lashgoldberg.com

***Attorneys for Defendant, Kfir Ben-David, MD***
Gary A. Orseck, Esq.
Lauren Cassady Andrews, Esq.
Kramer, Levin, Naftalis, & Frankel, LLP
2000 K Street, NW, 4th Floor
Washington, DC  20006
Primary Email: gorseck@kramerlevin.com; landrews@kramerlevin.com

By:   /s/ Richard H. Levenstein
　　　　Richard H. Levenstein
　　　　Florida Bar No. 235296
　　　　Gabrielle O. Sliwka
　　　　Florida Bar No. 1022654
　　　　Abby M. Spears
　　　　Florida Bar No. 44662