**Gabrielle O. Sliwka**

| | |
|---|---|
| **From:** | Clark Splichal <csplichal@lashgoldberg.com> |
| **Sent:** | Friday, April 21, 2023 7:04 PM |
| **To:** | Richard H. Levenstein |
| **Cc:** | Rosy Diaz; Minerva Wallace; Delsa Suazo; Gabrielle O. Sliwka; Cynthia Reyes; Delsa Suazo; Andrews, Lauren Cassady; Abby M. Spears; Orseck, Gary A.; Dave Ruffner; Martin Goldberg; Pamela S. Treadway |
| **Subject:** | RE: Dr. Finkelstein v Mount Sinai & Dr. Ben-David -Case No. 1:23-cv-20188-RKA |
| **Attachments:** | Notice of Subpoena and Deposition of Elliot Goodman.pdf; Notice of Subpoena and Deposition of Barry Wax.pdf |

Mr. Levenstein:

Good evening. We are continuing to work on your April 19 request with our clients and will respond.

Defendants intend to take the depositions of Dr. Elliot Goodman and Barry Wax, Esq. (as noted in the attached NTDs, the dates/times are subject to change based on the availability of the witnesses and all parties and their counsel). Dr. Goodman's deposition will be conducted via Zoom, and Mr. Wax's deposition will occur at our Miami office.

Thank you.

**Clark Splichal**
Senior Associate
T (305) 347-4040
E csplichal@lashgoldberg.com



Miami Tower
100 SE 2nd St., Ste. 1200
Miami, Florida 33131
www.lashgoldberg.com

---

**From:** Clark Splichal
**Sent:** Wednesday, April 19, 2023 6:50 PM
**To:** rlevenstein@nasonyeager.com
**Cc:** Rosy Diaz <rdiaz@lashgoldberg.com>; Minerva Wallace <mwallace@lashgoldberg.com>; Delsa Suazo <dsuazo@lashgoldberg.com>; Gabrielle O. Sliwka <GSliwka@nasonyeager.com>; Cynthia Reyes <CReyes@nasonyeager.com>; Delsa Suazo <dsuazo@lashgoldberg.com>; Andrews, Lauren Cassady <LAndrews@KRAMERLEVIN.com>; Abby M. Spears <ASpears@nasonyeager.com>; Orseck, Gary A. <GOrseck@KRAMERLEVIN.com>; Dave Ruffner <druffner@lashgoldberg.com>; Martin Goldberg <mgoldberg@lashgoldberg.com>; Pamela S. Treadway <PTreadway@nasonyeager.com>
**Subject:** RE: Dr. Finkelstein v Mount Sinai & Dr. Ben-David -Case No. 1:23-cv-20188-RKA

Mr. Levenstein:

Thank you for your email. We will check with our clients on your request and respond. Note, we are amenable to your taking the depositions of Dr. Ben-David and Mr. Jaffee prior to the June 21 hearing, yet it comes with

the understanding that Plaintiff will be limited to only one deposition for each of these witnesses during the litigation. Please confirm this understanding.

Thank you.

**Clark Splichal**
Senior Associate
T (305) 347-4040
E csplichal@lashgoldberg.com



Miami Tower
100 SE 2nd St., Ste. 1200
Miami, Florida 33131
www.lashgoldberg.com

---

**From:** Pamela S. Treadway <PTreadway@nasonyeager.com>
**Sent:** Wednesday, April 19, 2023 10:34 AM
**To:** Clark Splichal <csplichal@lashgoldberg.com>; Martin Goldberg <mgoldberg@lashgoldberg.com>; Dave Ruffner <druffner@lashgoldberg.com>; Orseck, Gary A. <GOrseck@KRAMERLEVIN.com>
**Cc:** Rosy Diaz <rdiaz@lashgoldberg.com>; Minerva Wallace <mwallace@lashgoldberg.com>; Delsa Suazo <dsuazo@lashgoldberg.com>; Gabrielle O. Sliwka <GSliwka@nasonyeager.com>; Cynthia Reyes <CReyes@nasonyeager.com>; Delsa Suazo <dsuazo@lashgoldberg.com>; Andrews, Lauren Cassady <LAndrews@KRAMERLEVIN.com>; Richard H. Levenstein <RLevenstein@nasonyeager.com>; Abby M. Spears <ASpears@nasonyeager.com>
**Subject:** Dr. Finkelstein v Mount Sinai & Dr. Ben-David -Case No. 1:23-cv-20188-RKA

EXTERNAL:
Good Morning Counsel –

Mr. Levenstein would like to take the deposition of Arnold Jaffee, general counsel for Mount Sinai Medical Center.
Are you available to attend the deposition of Mr. Jaffee on May 8 or May 9 to be taken in person at a court reporters office in Miami?
Please advise if your office will represent Mr. Jaffee in this matter and if you will produce him for deposition without a subpoena.

Additionally, Mr. Levenstein would like to take the deposition of Defendant, Dr. Kfir Ben-David.
Are you and Dr. Ben-David available to attend the deposition of Dr. Ben-David on May 18 or May 19 to be taken in person at a court reporters office in Miami?

Since dates are limited, please let us know your availability by close of business Friday, April 21.
Thank you and I await your response.

# Pamela S. Treadway, CP, FRP
Paralegal



Email: PTreadway@nasonyeager.com
Web: www.nasonyeager.com
Tel: 561-686-3307 | Fax:561-686-5442

3001 PGA Blvd, Suite 305 |Palm Beach Gardens |FL |33410

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone (collect) and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for postage and/or telephone expenses.

**WIRE FRAUD ADVISORY:** Due to the increased risk associated with wire fraud and e-mail hacking and phishing attacks, in the event you receive an e-mail from Nason Yeager containing wire transfer instructions, please call Nason Yeager using previously known contact information and NOT information provided in the email, to verify the information contained within said wire transfer instructionsprior to sending funds pursuant to such wire transfer instructions.

**Think Green!** Please do not print this e-mail unless absolutely necessary.

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

---

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

PAIGE FINKELSTEIN, M.D.,        )
                                   )
     Plaintiff,               )   CASE NO. 1:23-cv-20188-RKA
                                   )
MOUNT SINAI MEDICAL CENTER OF )
FLORIDA, INC, a Florida Not For Profit )
Corporation, and KFIR BEN-DAVID, M.D., )
                                   )
     Defendants.             )

## DEFENDANTS' NOTICE OF SUBPOENA TO ELLIOT GOODMAN, M.D. AND NOTICE OF VIDEOTAPED DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, Defendants Mount Sinai Medical Center of Florida, Inc. and Kfir Ben-David, M.D, by their counsel, will serve the attached Subpoena Duces Tecum for Deposition upon Elliott Goodman, M.D. The deposition of Elliot Goodman, M.D. will be taken upon oral examination commencing at **10:00 a.m. Eastern Time, on May 23, 2023, or at such other time that is mutually agreeable to the witness and to all parties**. The deposition will be conducted using remote video teleconferencing services (e.g., Zoom, Microsoft Teams) and recorded by audio, audiovisual, and stenographic means, each of which may be used in motions or court proceedings, including trial. The deposition will take place before a notary public or other person authorized by law to administer oaths and will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. A Zoom link will be provided in advance of the deposition. The deponent shall bring with him the documents requested in Exhibit A of the Subpoena Duces Tecum attached hereto.

Dated: April 21, 2023

Respectfully submitted,

**LASH GOLDBERG LLP**
Suite 1200, Miami Tower
100 Southeast Second Street
Miami, Florida 33131-2100
Telephone: (305) 347-4040
Facsimile: (305) 347-4050
*Counsel for Defendants Mount Sinai Medical Center and Kfir Ben-David, M.D*

By: */s/ Martin B. Goldberg*
    **MARTIN B. GOLDBERG**
    Florida Bar No. 0827029
    mgoldberg@lashgoldberg.com
    **CLARK SPLICHAL**
    Florida Bar No. 1010425
    acsplichal@lashgoldberg.com

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
2000 K Street N.W., 4th Floor
Washington, D.C. 20006
Tel.: (202) 775-4500
Fax: (202) 775-4510
*Counsel for Defendant Kfir-Ben-David, M.D.*

By: */s/ Gary A. Orseck*
    **GARY A. ORSECK**
    Florida Bar 846015
    gorseck@kramerlevin.com
    **LAUREN CASSADY ANDREWS**
    Va. Bar No. 92149 (appearing *pro hac vice*)
    landrews@kramerlevin.com

**[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was emailed on April 21, 2023, or in the manner specified on all counsel or parties of record on the Service List below.

By: */s/ Martin B. Goldberg*

**MARTIN B. GOLDBERG**

## SERVICE LIST

Richard H. Levenstein, Esq.
Gabrielle O. Sliwka, Esq.
**NASON, YEAGER, GERSON,**
**HARRIS & FUMERO, P.A.**
3001 PGA Boulevard, Suite 305
Palm Beach Gardens, FL 33410
Tel: (561) 686-3307
Fax: (561) 686-5442
relevenstein@nasonyeager.com
gsliwka@nasonyeager.com
ptreadway@nasonyeager.com
creyes@nasonyeager.com
*Attorneys for Plaintiff*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida

| | |
|---|---|
| PAIGE FINKE LSTEIN, M.D. | ) |
| *Plaintiff* | ) |
| v. | ) |
| MOUNT SINAI MEDICAL CENTER OF FLORIDA, | ) |
| INC. and KFIR BEN-DAVID, M.D., | ) |
| *Defendant* | ) |

Civil Action No.    Civil Action No. l:23-cv-20188-RK

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Elliot Goodman, M.D.
          City University School of Medicine, 160 Convent Avenue, New York, NY 10031
                     *(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

                    See attached Exhibit A.

| Place:  Via Zoom | Date and Time: |
|---|---|
| Zoom Information to be provided by Court Reporter | May 23, 2023 at 10:00 a.m. ET |

         The deposition will be recorded by this method:   Videotaped and transcribed by Court Reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

                    See attached Exhibit A.

         The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/21/2023

                 *CLERK OF COURT*

                                              OR

                                                          */s/ Martin B. Goldberg*

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
|---|---|

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Mount Sinai Medical
Center of Florida, Inc. and Kfir Ben-David, M.D.                                    , who issues or requests this subpoena, are:

Martin B. Goldberg, Esq., LashGoldberg, 100 SE 2nd Street, Suite 1200, Miami, FL 33131, mgoldberg@lashgoldberg.com, 305.347.4040

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   Civil Action No. l:23-cv-20188-RK

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## EXHIBIT A

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are required to produce the following documents, electronically stored information, or objects, in accordance with the definitions and instructions listed below.

### DEFINITIONS

1.     The terms "document" or "documents" mean the original and all drafts or copies thereof which are different in any way from the original (whether by interlineations, receipt stamps notation, indication of copies sent or received, or otherwise) and all attached or annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded material, correspondence, telegrams, facsimiles, telexes, emails, memoranda, records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indexes, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, tapes, photographs and photographic films, sound recordings, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, computer data files, tapes, electronic media, inputs or outputs, and other computer-readable records or programs, all electronically stored or created data, whether written, typed, printed, punched, filmed, marked in any way, data or information stored in any form readable or accessible by computer including, but not limited to, magnetic tape storage media, hard disks, hard drives, floppy disks, compact disks, computer tapes, memory and magnetic tapes of any kind, backup copies and "deleted" files on any computer storage devise or media, including the printed output of any such electronic data/communications processing equipment or magnetically stored information, computer memory, optical media, magneto media, and other physical media on which notations or making of any kind can be affixed whether located on-site

or off-site. All drafts, copies or preliminary materials which are different in any way from the executed or final documents shall be considered to be additional documents as the terms are used herein.

2.     The terms "relating to" or "related to" mean constituting or in any way directly or indirectly, concerning, or referring or relating to, reflecting, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, recording, concealing, or negating.

3.     The term "communication" means any transmission, conveyance, or exchange of information, whether by written, oral, or other means. It shall include, without limitation, any meeting, discussion, contact, conference, telephone conversation, letter, e-mail, transaction, Internet posting, memorandum, document, message (including text and chat messages), telegram, telefax, mailgram, billing statement, electronic recording, or other form of written or oral information transmission or exchange.

4.     The terms "all" and "each" shall be construed as all and each.

5.     The words "and" as well as "or" shall be construed as either disjunctive or conjunctive and references are to be construed either singular or plural, as necessary to bring within scope of this request to produce any document which might otherwise be construed to be outside its scope.

6.     The terms "You" or "Your" or "Dr. Goodman" refers to Elliot Goodman, M.D., and any organization or person that he directly or indirectly controls, including employees, agents, attorneys, private investigators, servants, representatives, and any other person acting on his behalf either directly or through another individual.

7.     The terms "Beth Israel" or "BI" refers to Mount Sinai Beth Israel in New York City, New York.

## INSTRUCTIONS APPLICABLE TO DOCUMENT REQUESTS

1.     The following Instructions are to be considered applicable to each of the Document Requests unless made expressly inapplicable by a particular Request.

2.     You are to search all documents within its possession, custody, or control, wherever located, including but not limited to documents placed in storage facilities and documents in the possession of any person acting or purporting to act on Your behalf.  A document is deemed to be in the possession, custody, or control of You if it is in Your actual possession or custody, or if it is in the custody of another person and You own the document in whole or in part, or You have the right to inspect, examine, or copy such document, or You have any express or implied understanding that You may use, inspect, or copy such document.

3.     You shall produce any and all drafts and copies of each document that are responsive to any Request, and all copies of such documents that are not identical in every respect, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations.

4.     Production is sought regardless of whether the document purportedly was "deleted," if such document is capable of being retrieved or restored.

5.     If any of the documents requested was formerly in Your possession, custody, or control but no longer is in Your possession, custody, or control, state when and what disposition was made of the document, and what efforts, if any, You made to obtain each such document in response hereto.  Further, if any such document is not in Your possession, custody, or control, but You know the identity of the person currently in possession or control of such document, state the

identity of the person who has the documents, including the address and telephone number of the person.

## DOCUMENT REQUESTS

1.     All documents and communications that refer or relate to Paige Finkelstein, M.D., including but not limited to documents and communications concerning her application and/or other attempts to enroll or apply at Beth Israel for any position.

2.     All documents and communications (including but not limited to emails, text messages, and/or direct messages on any social media platform) by and between You and Paige Finkelstein, M.D.

3.     All documents and communications by and between You and Mount Sinai Medical Center of Florida, Inc., in Miami Beach, Florida, and/or Dr. Kfir Ben-David, its Surgical Residency Program Director.

4.     All documents and communications by and between You and Richard H. Levenstein, Esq., Gabrielle O. Sliwka, Esq., and/or any attorney from the law firm Nason Yeager Gerson Harris & Fumero P.A.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

PAIGE FINKELSTEIN, M.D.,      )
                                        )
      Plaintiff,           )   CASE NO. 1:23-cv-20188-RKA
                                          )
MOUNT SINAI MEDICAL CENTER OF  )
FLORIDA, INC, a Florida Not For Profit  )
Corporation, and KFIR BEN-DAVID, M.D.,  )
                                          )
      Defendants.         )

## DEFENDANTS' NOTICE OF SUBPOENA TO BARRY WAX, ESQ.
## AND NOTICE OF VIDEOTAPED DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30 and 45, Defendants Mount Sinai Medical Center of Florida, Inc. and Kfir Ben-David, M.D, by their counsel, will serve the attached Subpoena Duces Tecum for Deposition upon Barry Wax, Esq. The deposition of Barry Wax, Esq. will be taken upon oral examination commencing at **10:00 a.m. Eastern Time, on May 26, 2023, or at such other time that is mutually agreeable to the witness and to all parties**. The deposition will be conducted at LashGoldberg LLP, located at 100 SE 2nd Street, Suite 1200, Miami, FL 33131, and will be recorded by audio, audiovisual, and stenographic means, each of which may be used in motions or court proceedings, including trial. The deposition will take place before a notary public or other person authorized by law to administer oaths and will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. The deponent shall bring with him the documents requested in Exhibit A of the Subpoena Duces Tecum attached hereto.

Dated: April 21, 2023

Respectfully submitted,

**LASH GOLDBERG LLP**
Suite 1200, Miami Tower
100 Southeast Second Street
Miami, Florida 33131-2100
Telephone: (305) 347-4040
Facsimile: (305) 347-4050
*Counsel for Defendants Mount Sinai Medical Center and Kfir Ben-David, M.D*

By: */s/ Martin B. Goldberg*

    **MARTIN B. GOLDBERG**
    Florida Bar No. 0827029
    mgoldberg@lashgoldberg.com
    **CLARK SPLICHAL**
    Florida Bar No. 1010425
    acsplichal@lashgoldberg.com

**KRAMER LEVIN NAFTALIS
& FRANKEL LLP**
2000 K Street N.W., 4th Floor
Washington, D.C. 20006
Tel.: (202) 775-4500
Fax: (202) 775-4510
*Counsel for Defendant Kfir-Ben-David, M.D.*

By: */s/ Gary A. Orseck*

    **GARY A. ORSECK**
    Florida Bar 846015
    gorseck@kramerlevin.com
    **LAUREN CASSADY ANDREWS**
    Va. Bar No. 92149 (appearing *pro hac vice*)
    landrews@kramerlevin.com

**[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was emailed

on April 21, 2023, or in the manner specified on all counsel or parties of record on the Service List

below.

By: */s/ Martin B. Goldberg*
**MARTIN B. GOLDBERG**


## SERVICE LIST


Richard H. Levenstein, Esq.
Gabrielle O. Sliwka, Esq.
**NASON, YEAGER, GERSON,**
**HARRIS & FUMERO, P.A.**
3001 PGA Boulevard, Suite 305
Palm Beach Gardens, FL 33410
Tel: (561) 686-3307
Fax: (561) 686-5442
relevenstein@nasonyeager.com
gsliwka@nasonyeager.com
ptreadway@nasonyeager.com
creyes@nasonyeager.com
*Attorneys for Plaintiff*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PAIGE FINKELSTEIN, M.D. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:23-cv-20188-RKA |
| MOUNT SINAI MEDICAL CENTER OF FLORIDA, | ) | |
| INC. and KFIR BEN-DAVID, M.D., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Barry Wax, Esq.
Law Offices of Barry M. Wax, Barry M Wax PLLC, 701 Brickell Avenue, Suite 1550, Miami, FL 33131
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See Attached Exhibit A.

| Place: LashGoldberg LLP | Date and Time: |
|---|---|
| 100 SE 2nd Street | |
| Suite 1200, Miami, FL 33131 | May 26, 2023 at 10:00 a.m. ET |

The deposition will be recorded by this method:   Videotaped and transcribed by Court Reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/21/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Martin B. Goldberg |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Mount Sinai Medical Center of Florida, Inc. and Kfir Ben-David, M.D. , who issues or requests this subpoena, are:

Martin B. Goldberg, Esq., LashGoldberg, 100 SE 2nd Street, Suite 1200, Miami, FL 33131, mgoldberg@lashgoldberg.com, 305.347.4040

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:23-cv-20188-RKA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## EXHIBIT A

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are required to produce the following documents, electronically stored information, or objects, in accordance with the definitions and instructions listed below.

### DEFINITIONS

1.    The terms "document" or "documents" mean the original and all drafts or copies thereof which are different in any way from the original (whether by interlineations, receipt stamps notation, indication of copies sent or received, or otherwise) and all attached or annexed materials to any written, typewritten, handwritten, printed, graphic, photographic or recorded material, correspondence, telegrams, facsimiles, telexes, emails, memoranda, records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indexes, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, tapes, photographs and photographic films, sound recordings, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, computer data files, tapes, electronic media, inputs or outputs, and other computer-readable records or programs, all electronically stored or created data, whether written, typed, printed, punched, filmed, marked in any way, data or information stored in any form readable or accessible by computer including, but not limited to, magnetic tape storage media, hard disks, hard drives, floppy disks, compact disks, computer tapes, memory and magnetic tapes of any kind, backup copies and "deleted" files on any computer storage devise or media, including the printed output of any such electronic data/communications processing equipment or magnetically stored information, computer memory, optical media, magneto media, and other physical media on which notations or making of any kind can be affixed whether located on-site

or off-site. All drafts, copies or preliminary materials which are different in any way from the executed or final documents shall be considered to be additional documents as the terms are used herein.

2.　　　This "Action" means the present lawsuit, *Paige Finkelstein, M.D. v. Mount Sinai Medical Center of Florida, Inc., at el.*, No. 1:23-cv-20188-RKA, pending in the United States District Court for the Southern District of Florida.

3.　　　The terms "relating to" or "related to" mean constituting or in any way directly or indirectly, concerning, or referring or relating to, reflecting, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, recording, concealing, or negating.

4.　　　The term "communication" means any transmission, conveyance, or exchange of information, whether by written, oral, or other means. It shall include, without limitation, any meeting, discussion, contact, conference, telephone conversation, letter, e-mail, transaction, Internet posting, memorandum, document, message (including text and chat messages), telegram, telefax, mailgram, billing statement, electronic recording, or other form of written or oral information transmission or exchange.

5.　　　The terms "all" and "each" shall be construed as all and each.

6.　　　The words "and" as well as "or" shall be construed as either disjunctive or conjunctive and references are to be construed either singular or plural, as necessary to bring within scope of this request to produce any document which might otherwise be construed to be outside its scope.

7.　　　The terms "You" or "Your" or "Mr. Wax" refers to Barry M. Wax, Esq., and any organization or person that he directly or indirectly controls, including employees, agents,

attorneys, private investigators, servants, representatives, and any other person acting on his behalf either directly or through another individual.

## INSTRUCTIONS APPLICABLE TO DOCUMENT REQUESTS

1.      The following Instructions are to be considered applicable to each of the Document Requests unless made expressly inapplicable by a particular Request.

2.      You are to search all documents within its possession, custody, or control, wherever located, including but not limited to documents placed in storage facilities and documents in the possession of any person acting or purporting to act on Your behalf.  A document is deemed to be in the possession, custody, or control of You if it is in Your actual possession or custody, or if it is in the custody of another person and You own the document in whole or in part, or You have the right to inspect, examine, or copy such document, or You have any express or implied understanding that You may use, inspect, or copy such document.

3.      You shall produce any and all drafts and copies of each document that are responsive to any Request, and all copies of such documents that are not identical in every respect, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations.

4.      Production is sought regardless of whether the document purportedly was "deleted," if such document is capable of being retrieved or restored.

5.      If any of the documents requested was formerly in Your possession, custody, or control but no longer is in Your possession, custody, or control, state when and what disposition was made of the document, and what efforts, if any, You made to obtain each such document in response hereto.  Further, if any such document is not in Your possession, custody, or control, but You know the identity of the person currently in possession or control of such document, state the

identity of the person who has the documents, including the address and telephone number of the person.

## DOCUMENT REQUESTS

1.      All nonprivileged documents and communications that refer or relate to Paige Finkelstein, M.D, including but not limited to documents and communications concerning her claims and allegations in this Action that she was "extorted" by Mount Sinai Medical Center of Florida, Inc., and/or Dr. Kfir Ben-David.

2.      All documents and communications by and between You and Mount Sinai Medical Center of Florida, Inc. (and any representative thereof, including but not limited to Arnold Jaffee, Esq.), and/or Dr. Kfir Ben-David, that refer or relate to Paige Finkelstein, M.D.

3.      All documents and communications by and between You and Richard H. Levenstein, Esq., Gabrielle O. Sliwka, Esq., and/or any attorney from the law firm Nason Yeager Gerson Harris & Fumero P.A.

4.      All nonprivileged documents and communications by and between You and David Finkelstein that refer or relate to Paige Finkelstein, M.D.